| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: _____ **Southern District of Texas** (State) | |
| Case number *(if known)*: _____   Chapter **11** | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

1. **Debtor's Name**   **Sherwin Alumina Company, LLC**

2. **All other names debtor used in the last 8 years**   **Sherwin Alumina LP**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)   **74-3012376**

4. **Debtor's address**

   **Principal place of business**

   **4633 Highway 361**
   Number       Street

   **Gregory, Texas 78359**
   City          State    Zip Code

   **San Patricio County, Texas**
   County

   **Mailing address, if different from principal place of business**

   Number       Street

   P.O. Box

   City          State    Zip Code

   **Location of principal assets, if different from principal place of business**

   Number       Street

   City          State    Zip Code

5. **Debtor's website** (URL)   http://www.sherwinalumina.com/

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

Official Form 201          Voluntary Petition for Non-Individuals Filing for Bankruptcy          page 1

Debtor **Sherwin Alumina Company, LLC**        Case number *(if known)*
      Name

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3313**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☒ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

☒ No
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When (MM/DD/YYYY) | Case number |
|---|---|---|---|
| | | | |
| | District | When (MM/DD/YYYY) | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
☒ Yes.

List all cases.  If more than 1, attach a separate list.

Debtor **Sherwin Pipeline, Inc.**      Relationship **Affiliate**

District **Southern District of Texas**     When **01/11/2016**   MM / DD / YYYY

Case number, if known _____

Official Form 201      Voluntary Petition for Non-Individuals Filing for Bankruptcy      page 2

Debtor  **Sherwin Alumina Company, LLC**     Case number *(if known)* _____
      <sub>Name</sub>

---

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** (*Check all that apply.*)

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                                    Number    Street

                                 _____
                                 City                    State    Zip Code

    **Is the property insured?**
    ☐ No
    ☐ Yes.  Insurance agency _____
                   Contact name _____
                   Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☒ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

Debtor   **Sherwin Alumina Company, LLC**          Case number *(if known)* _____
　　　　Name

**16. Estimated liabilities**
- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **01/11/2016**
　　　　　　　　　MM/ DD / YYYY

✘  **/s/ Thomas Russell**　　　　　　　　　　　**Thomas Russell**
　　Signature of authorized representative of debtor　　Printed name

　　Title   **Authorized Signatory**

**18. Signature of attorney**

✘  **/s/ Zack A. Clement**　　　　　Date   **01/11/2016**
　　Signature of attorney for debtor　　　　MM/ DD/YYYY

**Zack A. Clement**
Printed name

**Zack A. Clement PLLC**
Firm name

**3753 Drummond**
Number　　　Street

**Houston**　　　　　　　　　　**Texas**　　**77025**
City　　　　　　　　　　　　　State　　　ZIP Code

**(832) 274-7629**　　　　　　　**zack.clement@icloud.com**
Contact phone　　　　　　　　　Email address

**04361550**　　　　　　　　　　**Texas**
Bar number　　　　　　　　　　State

# RESOLUTIONS OF THE BOARD OF MANAGERS
# OF SHERWIN ALUMINA COMPANY, LLC

January 10, 2016

The Board of Managers (the "**Board of Managers**") of Sherwin Alumina Company, LLC, a Delaware limited liability company (the "**Company**") took the following actions and adopt the following resolutions a meeting of the Board of Managers on January 10, 2016.

**WHEREAS**, the Board of Managers' has authorized and directed Independent Manager Alan J. Carr (the "**Independent Manager**"), with the assistance of the Company's advisors, to assess the potential strategic alternatives available to it;

**WHEREAS**, the Independent Manager considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Independent Manager has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to it;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Independent Manager, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company file or cause to be filed a voluntary petition for relief (the chapter 11 cases to be commenced by such voluntary petition, and the cases to be commenced by the voluntary petitions to be filed by Sherwin Pipeline, Inc., collectively, the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

**RESOLVED FURTHER**, that each of Thomas Russell, Kent Britton, and any other officer of the Company (each, an "**Authorized Officer**" and, collectively, the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered, and directed to execute and file, or cause to be executed or filed, on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that such Authorized Officer deems necessary or proper to obtain such relief, including any action necessary to facilitate the administration of the Chapter 11 Cases;

KE 38916540

**RESOLVED FURTHER**, that in connection with the Chapter 11 Cases, (a) the Independent Manager authorizes and approves (i) the execution, delivery, and performance of a debtor-in-possession credit agreement (the "**DIP Credit Agreement**"), in the initial amount of $40 million and substantially on the terms of the proposed form of the DIP Credit Agreement that has been provided to the Independent Manager and with such changes thereto as each Authorized Officer executing the same shall approve, and any security agreements, guarantee agreements, other agreements, notes, consents, certificates, amendments, assignments, and instruments in connection therewith (the "**DIP Credit Documents**," together with the DIP Credit Agreement, the "**DIP Financing Documents**"), (ii) the granting of a security interest in any assets of the Company as collateral or the guaranty of the obligations of the debtors under the DIP Credit Agreement, and (iii) any transactions effected or to be effected pursuant to the terms and provisions of the DIP Financing Documents; and (b) each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the DIP Financing Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the DIP Financing Documents and other financing arrangements necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Cases, such determination to be conclusively evidenced by such execution or taking of such action;

**RESOLVED FURTHER**, that in connection with the Chapter 11 Cases, (a) the Independent Manager authorizes and approves (i) the execution, delivery, and performance of the Stalking Horse Asset Purchase Agreement (the "**Stalking Horse Asset Purchase Agreement**") pursuant to which Corpus Christi Alumina LLC, an affiliate of Commodity Funding, LLC proposes to purchase substantially all of the Company's assets for a purchase price of $95.25 million consisting of a $95-million credit bid and a cash payment of $250,000, pursuant to a Chapter 11 plan or as otherwise approved by the Bankruptcy Court, and substantially on the terms of the proposed form of the Stalking Horse Asset Purchase Agreement that has been provided to the Independent Manager and with such changes thereto as each Authorized Officer executing the same shall approve, and any other agreements, notes, consents, certificates, amendments, assignments, and instruments in connection therewith (collectively, the "**Sale Documents**") and (ii) any transactions effected or to be effected pursuant to the terms and provisions of the Sale

2

Documents; and (b) each of the Authorized Officers be, and hereby is, authorized and empowered, in the name and on behalf of the Company, to negotiate, execute, deliver, and perform or cause the performance of the Sale Documents, as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable to effectuate the transactions contemplated by the Sale Documents and such other financing arrangements as such Authorized Officer executing the same considers necessary, appropriate, proper, or desirable in the interest of the Company in connection with the Chapter 11 Cases, such determination to be conclusively evidenced by such execution or taking of such action;

**RESOLVED FURTHER**, that the Company, on behalf of itself, and Sherwin Pipeline, Inc. (collectively, the "**Companies**"), is authorized and empowered to take all actions (including to negotiate and execute any agreements, documents, and certificates) necessary to enter into, on behalf of the Companies, the DIP Credit Agreement and the Stalking Horse Asset Purchase Agreement and that the Companies' performance of their respective obligations under the DIP Credit Agreement and the Stalking Horse Asset Purchase Agreement hereby is, in all respects, authorized and approved;

**RESOLVED FURTHER**, upon execution of the Stalking Horse Asset Purchase Agreement, the Companies are authorized and empowered to take all actions necessary to solicit acceptances in support of the Acceptable Chapter 11 Plan (as defined in the Asset Purchase Agreement) in accordance with sections 1125 and 1126 of the Bankruptcy Code;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP and Kirkland & Ellis International LLP;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Zack A. Clement PLLC, as local bankruptcy counsel, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance

3

the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Zack A. Clement PLLC;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Huron Consulting Services LLC as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Huron Consulting Services LLC;

**RESOLVED FURTHER**, that each Authorized Officer be, and hereby is, authorized and directed to employ Kurtzman Carson Consultants LLC as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of Kurtzman Carson Consultants LLC;

**RESOLVED FURTHER**, that each Authorized Officer is authorized and directed to employ any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals to assist the Company in carrying out its duties under the Bankruptcy Code and, in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of any other attorneys, investment bankers, accountants, restructuring professionals, experts, advisors, and other professionals as necessary, appropriate or desirable;

**RESOLVED FURTHER**, that each Authorized Officer and any employees, agents, attorneys, investment bankers, accountants, advisors, and other professionals designated by or

directed by any such Authorized Officer, be, and each hereby is, authorized, empowered and directed to execute and file, or cause to be executed or filed, all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such case;

**RESOLVED FURTHER**, that the Independent Manager has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED FURTHER**, that, consistent with the foregoing resolutions, each Authorized Officer is hereby authorized, directed, and empowered, in such Authorized Officer's discretion, on behalf of and in the name of the Company, as applicable, to (a) prepare, execute, and deliver or cause to be prepared, executed, and delivered, and where necessary, appropriate or desirable, file, or cause to be filed with the appropriate governmental authorities, all other agreements, instruments, and documents, including all certificates, contracts, bonds, receipts, or other papers, (b) incur and pay or cause to be paid all fees, expenses, and taxes, including legal fees and expenses, (c) engage such persons as such Authorized Officer shall in his judgment determine to be necessary, appropriate, or desirable, and (d) do any and all other acts and things as such Authorized Officer deems necessary, appropriate, or desirable to carry out fully the intent and accomplish the purposes of the foregoing resolutions and each of the transactions contemplated thereby (and the doing of any such act or thing shall be conclusive evidence that the same is deemed necessary, appropriate, or desirable);

KE 38916540

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by the Independent Manager; and

**RESOLVED FURTHER**, that each Authorized Officer is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the foregoing resolutions.

\*     \*     \*     \*     \*

KE 38916540

**IN WITNESS WHEREOF**, the undersigned, constituting the Board of Managers, have executed this Action by Written Consent as of the date indicated above.

By: */s/ Alan J. Carr*
Name: Alan J. Carr
Title: Independent Manager

KE 38916540